Joseph A. Gavagan, J.
Plaintiff alleges a claim was entrusted to defendants for enforcement and collection. It was settled contrary to plaintiff’s specific instructions.
Maintenance of the action is barred unless, as plaintiff urges, it is in contract. In this connection it is alleged in the complaint that defendants, in pursuance of their business, undertook to process and to negotiate restitution and indemnification claims for Jewish immigrants in the United States who suffered as refugees of Nazi oppression; that in 1949 defendants were retained by the plaintiff, upon a fee basis, to process and negotiate plaintiff’s claim for restitution; that plaintiff was entitled to restitution of, or compensation for, a house and a business having a reasonable market value in a stated sum, and that defendants undertook to use their best endeavors and efforts to effect such restitution. To this point, the allegations would pertain to negligence and careless performance of duty. It is then alleged that in November, 1954, in disregard of specific instructions and without authorization, the defendants settled plaintiff’s restitution claim for a much smaller stated stun. Plaintiff seeks the recovery of the difference between the claimed stated value and the sum for which the claim was settled.
The statement of damage is wholly conelusory, since plaintiff has neither alleged the special instructions given nor the value of the claim in ne°,nHation as distinguished from the claimed value, of the property»
*263 While the sufficiency of the complaint is not before the court, it must nevertheless be considered to determine which Statute of Limitations is applicable. In all the circumstances, the application for a dismissal based on the two-year Statute of Limitations is denied, with leave to plead that or any other limitation in defense. Other Statutes of Limitation are mentioned in the brief, but the dismissal sought is, as stated in the notice, based upon a contention that the two-year statute is applicable.
Defendants move, in the alternative, for an order dismissing the complaint against United Restitution Organization, upon the ground that it is an unincorporated organization, not capable of being sued as an entity. Both defendants have appeared generally. It is alleged in the complaint that United Restitution Organization is a department or division of the defendant American Federation of Jews from Central Europe, Inc., and that at some time subsequent to 1954 United Restitution Organization became and is a foreign corporation doing business in the State of New York. In the light of those allegations and of the general appearance, the complaint may not be dismissed as against the defendant United Restitution Organization upon the ground of absence of jurisdiction over the person or that the action is improperly commenced or maintained as against an unincorporated association. The issue of jurisdiction may be pleaded in the answer. The motion is in all respects denied.